UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>DALE BEHM, et al.<br><br>       Defendants. | Case No. 20-cr-00321-EMC-1<br><br>**ORDER RE FINAL JURY INSTRUCTIONS**<br><br>Docket No. |

Previously, the Court issued its proposed jury instructions for party comment.  Only Mr. Behm submitted comments.  The Court has reviewed the comments and made some modifications (for the parties' convenience, in yellow highlight).  *See* Jury Instructions [3.9], [11.1], [11.6], and [instruction on § 287].   The Court's final instructions are attached.  The Court reserves the right to further modify the instructions depending on what transpires during trial.


**IT IS SO ORDERED**.


Dated: September 17, 2023

_____
EDWARD M. CHEN
United States District Judge

# I.   PRELIMINARY INSTRUCTIONS

## JURY INSTRUCTION NO. [1.1]
## DUTY OF JURY

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Court Notes: 9th Cir. Model Instruction No. 1.1.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [1.2]**

**THE CHARGE – PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendants, Dale Behm and Joshua Clark, with conspiring to defraud U.S. Customs and Border Protection by filing false, fictitious, and fraudulent claims in violation of 18 U.S.C. § 286; filing false, fictitious, or fraudulent claims in violation of 18 U.S.C. §§ 287 and 2; and wire fraud in violation of 18 U.S.C. §§ 1343 and 2.  Mr. Clark is further charged with money laundering in violation of 18 U.S.C. §§ 1957 and 2 and laundering monetary instruments in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2.  The charges against the defendants are contained in the indictment.  The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

Each defendant has pleaded not guilty to the charges against him and is presumed innocent unless and until the government proves his guilt beyond a reasonable doubt.  In addition, each defendant has the right to remain silent and never has to prove his innocence or to present any evidence.

Court Notes: 9th Cir. Model Instruction No. 1.2 (modified).  The parties have stipulated to a modified version of the model instruction.  The Court has made a minor edit to the parties' stipulated instruction (*i.e.*, removing the term "drawback" since this may raise some confusion about what a drawback claim is).

**JURY INSTRUCTION NO. [1.3]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      First, the sworn testimony of any witness;

      Second, the exhibits that are received in evidence; and

      Third, any facts to which the parties agree.


      Court Notes: 9th Cir. Model Instruction No. 1.3.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [1.4]**

**WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

> First, statements and arguments of the attorneys;

> Second, questions and objections of the attorneys;

> Third, testimony that I instruct you to disregard; and

> Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Court Notes: 9th Cir. Model Instruction No. 1.4.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [1.5]**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Court Notes: 9th Cir. Model Instruction No. 1.5.  The parties have stipulated to this instruction.  The Court has included the example from the comment.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. [1.6]**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Court Notes: 9th Cir. Model Instruction No. 1.6.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**IMPLICIT/UNCONSCIOUS BIAS**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves.  One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias.  Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.  Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

Court Notes: The Court includes this instruction which it has used in prior cases.

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. [1.7]**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Court Notes: 9th Cir. Model Instruction No. 1.7.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [1.8]**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal

instruction you properly may consider to return a verdict:  do not

read, watch, or listen to any news or media accounts or commentary

about the case or anything to do with it[, although I have no

information that there will be news reports about this case]; do not

do any research, such as consulting dictionaries, searching the

Internet or using other reference materials; and do not make any

investigation or in any other way try to learn about the case on your

own.  Do not visit or view any place discussed in this case, and do

not use the Internet or any other resource to search for or view any

place discussed during the trial.  Also, do not do any research about

this case, the law, or the people involved – including the parties, the

witnesses or the lawyers – until you have been excused as jurors.  If

you happen to read or hear anything touching on this case in the

media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case

decided only on evidence that has been presented here in court.

Witnesses here in court take an oath to tell the truth, and the

accuracy of their testimony is tested through the trial process.  If you

do any research or investigation outside the courtroom, or gain any

information through improper communications, then your verdict

may be influenced by inaccurate, incomplete, or misleading

information that has not been tested by the trial process.  Each of the

parties is entitled to a fair trial by an impartial jury, and if you

decide the case based on information not presented in court, you will

have denied the parties a fair trial.  Remember, you have taken an

oath to follow the rules, and it is very important that you follow

these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

1    mistrial could result that would require the entire trial process to start over.  If any juror is exposed

2    to any outside information, please notify the court immediately.

3

4           Court Notes: 9th Cir. Model Instruction No. 1.8.  The parties have stipulated to this

5    instruction.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [1.9]**

**NO TRANSCRIPT AVAILABLE TO THE JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Court Notes: 9th Cir. Model Instruction No. 1.9.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [1.10]**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  As I stated, you will not have a trial transcript.  Exhibits admitted at trial will be numbered.  You may consider taking note of exhibit numbers if you think that will aid your memory.  You will be given an index of exhibits at the end of the case.

If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom or jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Court Notes: 9th Cir. Model Instruction No. 1.10.  The parties have stipulated to this instruction.  The Court has modified the instruction to provide the jury some guidance on note taking.  In a complex case such as this, the Court believes more elaboration on note taking, particularly with respect to exhibits, will be helpful.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [1.11]**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Court Notes: 9th Cir. Model Instruction No. 1.11.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [1.13]**

**SEPARATE CONSIDERATION FOR EACH DEFENDANT**

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely as to the other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

Court Notes: 9th Cir. Model Instruction No. 1.13 (modified).  The parties have stipulated to a modified version of the model instruction.  The Court has made a minor edit to the parties' stipulated instruction (*i.e.*, referring to "the other" defendant instead of "another defendant" in the second sentence).  The Court proposes moving this instruction so that it appears after the instruction on direct and circumstantial evidence (No. 1.5).

**JURY INSTRUCTION NO. [1.16]**

**BENCH CONFERENCES AND RECESSES**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Court Notes: 9th Cir. Model Instruction No. 1.16. The parties have stipulated to this instruction.

1

2

## II.    INSTRUCTIONS DURING COURSE OF TRIAL

3

### JURY INSTRUCTION NO. [2.1]

4

### CAUTIONARY INSTRUCTION(S)

5

**First Recess:**

6       We are about to take our first break.  Remember, until the trial is over, do not discuss this

7   case with anyone, including your fellow jurors, members of your family, people involved in the

8   trial, or anyone else, and do not allow others to discuss the case with you.  This includes

9   discussing the case in person, in writing, by phone or electronic means, via email, via text

10   messaging, or any Internet chat room, blog, website or application, including but not limited to

11   Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.

12   If anyone tries to communicate with you about the case, please let me know about it immediately.

13   Do not read, watch, or listen to any news reports or other accounts about the trial or anyone

14   associated with it, including any online information.  Do not do any research, such as consulting

15   dictionaries, searching the Internet or using other reference materials, and do not make any

16   investigation about the case on your own.  Finally, keep an open mind until all the evidence has

17   been presented and you have heard the arguments of counsel, my instructions on the law, and the

18   views of your fellow jurors.

19       If you need to speak with me about anything, simply give a signed note to the clerk to give

20   to me.

21

22       **At the End of Each Day of the Case:**

23       As I indicated before this trial started, you as jurors will decide this case based solely on

24   the evidence presented in this courtroom.  This means that after you leave here for the night, you

25   must not conduct any independent research about this case, the matters in the case, the legal issues

26   in the case, or the individuals or other entities involved in the case.  This is important for the same

27   reasons that jurors have long been instructed to limit their exposure to traditional forms of media

28   information such as television and newspapers.  You also must not communicate with anyone, in

United States District Court
Northern District of California

19

any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand.  [Wait for a show of hands.]  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

Court Notes: 9th Cir. Model Instruction No. 2.1 (modified).  The parties have stipulated to a modified version of the model instruction (including a previous version of the model instruction for the first recess).

**JURY INSTRUCTION NO. [2.3]**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Court Notes: 9th Cir. Model Instruction No. 2.3.  The parties have stipulated to this instruction.  If the parties do end up stipulating to any facts, they may need to be included for the closing instructions.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [2.10]**

**OTHER ACTS OF DEFENDANT**

You [have heard testimony] [are about to hear testimony] [have seen evidence] [are about to see evidence] regarding [specify defendant].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

> [had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;] or

> [had a motive or the opportunity to commit the acts charged in the indictment;] or

> [was preparing or planning to commit the acts charged in the indictment;] or

> [acted with a method of operation as evidenced by a unique pattern [describe pattern];] or

> [did not commit the acts for which the defendant is on trial by accident or mistake;] or

> [is the person who committed the crime charged in the indictment.  You may consider this evidence to help you decide [describe how the evidence will be used to prove identity];] or

> [describe other purpose for which other act evidence was admitted.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have engaged in the other act[s], he must also have committed the act[s] charged in the indictment.

1    Remember that Mr. Behm and Mr. Clark are on trial here only for the charges I previously

2    noted for you, and not for these other acts.  Do not return a guilty verdict unless the government

3    proves the crimes charged in the indictment beyond a reasonable doubt.

4

5    Court Notes: 9th Cir. Model Instruction No. 2.10 (modified).  The parties have stipulated

6    to a modified version of the model instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [2.12]**

**EVIDENCE FOR A LIMITED PURPOSE**

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Court Notes: 9th Cir. Model Instruction No. 2.12.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [3.14]**

**OPINION EVIDENCE, EXPERT WITNESS**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Court Notes: 9th Cir. Model Instruction No. 3.14.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

# III.    CLOSING INSTRUCTIONS

## JURY INSTRUCTION NO. [6.1]
### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return – that is a matter entirely up to you.

Court Notes: 9th Cir. Model Instruction No. 6.1.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [6.2]**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE –**

**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence.  The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves each defendant guilty beyond a reasonable doubt.  In addition, a defendant does not have to testify or present any evidence.  A defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Court Notes: 9th Cir. Model Instruction No. 6.2 (modified).  The parties have stipulated to a modified version of the model instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [6.3 or 6.4]**

**DEFENDANT'S DECISION NOT TO TESTIFY [OR DEFENDANT'S DECISION TO TESTIFY]**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.  [Or: The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.]

Court Notes: 9th Cir. Model Instructions Nos. 6.3, 6.4.  The parties have stipulated to the instructions.  The Court shall modify the instruction after Defendants have made their decisions about whether or not to testify and the evidence is closed.

**JURY INSTRUCTION NO. [6.5]**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Court Notes: 9th Cir. Model Instruction No. 6.5.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [6.6]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

     First, the sworn testimony of any witness;

     Second, the exhibits received in evidence; and

     Third, any facts to which the parties have agreed.


Court Notes: 9th Cir. Model Instruction No. 6.6.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [6.7]**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

      1.     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

      2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

      3.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Court Notes: 9th Cir. Model Instruction No. 6.7.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [6.8]

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Court Notes: 9th Cir. Model Instruction No. 6.8.  The parties have stipulated to this instruction.  The Court has included the example from the comment.

**JURY INSTRUCTION NO. [6.9]**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2          Court Notes: 9th Cir. Model Instruction No. 6.9.  The parties have stipulated to this

3    instruction.

**JURY INSTRUCTION NO. [3.1]**

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.


Court Notes: 9th Cir. Model Instruction No. 3.1.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [3.3]**

**OTHER ACTS OF DEFENDANT**

You have heard evidence that a defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of [specific defendant's] [intent, plan, knowledge, or absence of mistake], and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Court Notes: 9th Cir. Model Instruction No. 3.3.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [3.9]**

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

You have heard testimony from David Burbidge, Joshua Stanka, and Colin Liang.

Mr. Burbidge is a witness who received immunity. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted. For this reason, in evaluating the testimony of Mr. Burbidge, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Burbidge with greater caution than that of other witnesses.

Mr. Stanka is a witness who entered into a cooperation plea agreement with the government with the expectation that he would receive favorable treatment from the government in exchange for his cooperation and testimony at trial. For this reason, in evaluating the testimony of Mr. Stanka, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Stanka with greater caution than that of other witnesses.

Mr. Liang is a witness who pleaded guilty to a crime arising out of the same events for which the defendant is on trial. For this reason, in evaluating the testimony of Mr. Liang, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Liang with greater caution than that of other witnesses. Mr. Liang's guilty plea is not evidence against either defendant, and you may consider it only in determining his believability.

Court Notes: 9th Cir. Model Instruction No. 3.9 (modified). The parties agree that an instruction regarding the testimonies of Mr. Burbidge, Mr. Stanka, and Mr. Liang should be given. They also agree on the bulk of the language of the instruction. The parties have a dispute as to whether certain language regarding Mr. Liang should be given – *i.e.*, with respect to the fact that, after pleading guilty to Count 1 (conspiracy to file false claims), "the government dismissed thirty-three other counts against him." Prop. Jury Instructions at 30.

Defendants argue that, because of this fact, the following language should be included:

> Colin Liang also received benefits from the government in connection with this case. Specifically, after pleading guilty to one count, the government dismissed thirty-three other counts against him. For this reason, in evaluating the testimony of Colin Liang, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Colin Liang with greater caution than that of other witnesses.

Prop. Jury Instructions at 30. In response, the government contends that no instruction should be given that states "Liang received benefits in this case. The instructions refer to benefits in the context of cooperation agreements. Liang did not plead guilty pursuant to a cooperation agreement and has already been sentenced. Therefore, he does not stand to benefit from his testimony." Prop. Jury Instructions at 32.

A reasonable jury could infer that the plea agreement gave some kind of benefit to Mr. Liang which thereby affects this current testimony – *i.e.*, even if his testimony will not give him a future benefit. However, the Court does not agree that the instruction should state that Mr. Liang was given a benefit as part of the plea agreement; that is something for the jury to decide. The Court therefore largely adheres to the language of the model instruction.

**New Court Notes:** Mr. Behm has reiterated his position that an instruction along the lines above should be given. He notes, *inter alia*, that, in his sentencing memorandum, Mr. Liang took note of his cooperation and promised to testify in any future trial involving his co-defendants. *See* Docket No. 136 (Sentencing Memo. at 18) ("In addition to entering a guilty plea, Mr. Liang has cooperated fully with the government's investigation in this matter and has participated in two proffers thus far. He has also committed to testify in any future trial involving his co-conspirators, even after his sentencing trial, which demonstrates his genuine remorse and acceptance of responsibility."). Mr. Behm also argues that Mr. Liang has an incentive to testify favorably for the government to keep it from re-filing those charges. According to Mr. Behm, "should the evidence at trial establish that Liang understood his signed proffer agreement could inure to his benefit at the time of sentencing, or that Liang's testimony otherwise may be influenced by his desire to avoid potential future prosecution, then the Court should instruct the jury accordingly at that time." Docket No. 311 (Comment at 2).

1       At this juncture, the Court does not modify the instruction. The Court has already

2 recognized that a reasonable jury could infer that the plea agreement gave some kind of benefit to

3 Mr. Liang which thereby affects this current testimony. The instruction as worded (which largely

4 tracks the Ninth Circuit model instruction) allows Mr. Behm to make this argument.

**JURY INSTRUCTION NO. [3.14]**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from experts who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Court Notes: 9th Cir. Model Instruction No. 3.14.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [3.16]**

**CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Court Notes: 9th Cir. Model Instruction No. 3.16.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [3.17]**

**CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Court Notes: 9th Cir. Model Instruction No. 3.17.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [____]**

**CHARGES AGAINST DEFENDANTS**

The government charges the defendants, Dale Behm and Joshua Clark, with:

- conspiring to defraud U.S. Customs and Border Protection by filing false, fictitious, and fraudulent claims in violation of 18 U.S.C. § 286 (Count 1);

- filing false, fictitious, or fraudulent claims in violation of 18 U.S.C. §§ 287 and 2 (Counts 2-5, 8-9, 11, 13-16); and

- wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Counts 17, 21-28).

Mr. Clark is further charged with:

- money laundering in violation of 18 U.S.C. §§ 1957 and 2 (Counts 32, 35-36, 38) and

- laundering monetary instruments in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2 (Count 41).

Court Notes: The Court proposes this instruction so that the jury has a roadmap of the charges.  The Court uses language from the parties' Stipulated Instruction No. 2.  *See* Prop. Jury Instructions at 8.

As a general note, for the instructions that follow, the Court has modified many of the titles to make clear which counts are applicable.

**JURY INSTRUCTION NO. [6.10]**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.


Court Notes: 9th Cir. Model Instruction No. 6.10 (modified).  The parties have agreed to a modified version of the model instruction.

1

2

3

**JURY INSTRUCTION NO. [6.13]**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS – MULTIPLE DEFENDANTS**

4    A separate crime is charged against one or more of the defendants in each count.  The

5  charges have been joined for trial.  You must decide the case of each defendant on each crime

6  charged against that defendant separately.  Your verdict on any count as to any defendant should

7  not control your verdict on any other count or as to any other defendant.

8    All the instructions apply to each defendant and to each count unless a specific instruction

9  states that it applies only to a specific defendant or count.

10

11    Court Notes: 9th Cir. Model Instruction No. 6.13.  The parties have stipulated to this

12  instruction.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [4.1]**

**AIDING AND ABETTING (18 U.S.C. § 2)**

Except for Count 1, all of the counts charged refer to a violation of a criminal statute *and* 18 U.S.C. § 2.  Under § 2, a defendant may be found guilty of a crime, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of a crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

> First, a crime charged in the indictment was committed by someone else;
>
> Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of that particular crime;
>
> Third, the defendant acted with the intent to facilitate that particular crime; and
>
> Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit that particular crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.


Court Notes: 9th Cir. Model Instruction No. 4.1 (modified).  The parties agree that an instruction on aiding and abetting should be given.  They also agree on the bulk of the language to be used in the instruction.  They disagree on the wording to be used in the last sentence of the second paragraph above.  Defendants argue that the sentence should read: "The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of

46

helping that person commit *all elements of the particular crime*" (emphasis added).  The government contends that the sentence should read: "The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit *a crime charged in the indictment*" (emphasis added).

According to the government, the Court should reject Defendants' proposal because it "creates an internal inconsistency . . . . [T]he Ninth Circuit Model Instructions state that 'the defendant aided, counseled, commanded, induced or procured that person with respect to *at least one element* of that particular crime.'"  Prop. Jury Instructions at 39-40 (emphasis in original).

Defendants respond that "[t]here is no internal inconsistency with the second element of the Ninth Circuit Model: this element pertains to the *actus reus* for aiding and abetting ('aided, counseled, commanded, induced, or procured'), not the requisite mental state/intent."  Prop. Jury Instructions at 38).

The Court rejects Defendants' proposal.  The proposed language is confusing because it could be read, as the government suggests, in conflict with other language used in the instruction.  Furthermore, although Defendant relies on a jury instruction used in a Judge Illston case (*Cutting*), the actual instruction did not contain the language Defendants now propose; rather, the actual instruction uses the phrase "that particular crime," and not "all elements of the particular crime."

The Court notes that it has also made its own modification to the instruction (in essence, adding the first sentence) so that the jury has some context for the instruction.

1
2

~~**JURY INSTRUCTION NO. [4.8]**~~

~~**KNOWINGLY – DEFINED**~~

3
4
5
6
7

~~An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.~~

8

9
10
11
12
13
14
15
16
17
18

Court Notes: 9th Cir. Model Instruction No. 4.8.  The government and Mr. Behm have stipulated to this instruction.  Mr. Clark does not.  He objects to the instruction because he, unlike Mr. Behm, has also been charged with money laundering which is a specific intent crime.  He asks for the second sentence above to be removed.  *See* Docket No. 265 (Clark's objection); *see also* 9th Cir. Model Instruction No. 4.8, comment (stating that the second sentence "should not be given when an element of the offense requires the government to prove that the defendant knew that what the defendant did was unlawful"; adding that, "[i]n the context of a money laundering offense, the second sentence of this instruction may be given if altered to clarify that it applies only to the act of engaging in monetary transactions, and not to whether a defendant knew the money involved in the transaction was the proceeds of criminal activity").

19
20
21

At this juncture, it is not clear that a general instruction on "knowingly" is needed (*i.e.*, as opposed to an instruction on "knowingly" that follows the use of the term in a substantive instruction on a crime).

22
23
24
25
26
27

For instance, the specific term "knowingly" is not used in the substantive instruction on the crime of conspiracy or the substantive instruction on the crime of false claims.  Admittedly, the substantive instruction on the crime of conspiracy does state as one element that a "defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it."  But this does not implicate the concerns that this "knowingly" instruction is targeted at.

28

As another example, the term "knowingly" is used in the substantive instruction on the

crime of wire fraud.  But given the context – "the defendant knowingly devised or participated *in a scheme or plan to defraud*" – this "knowingly" instruction does not seem particularly helpful.

The Court therefore is not inclined to give a general instruction on "knowingly" but rather shall include an instruction on "knowingly" in conjunction with the substantive instruction on the money laundering crime.  *See infra.*

**JURY INSTRUCTION NO. [11.1]**

**CONSPIRACY TO FILE FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 286**

**(COUNT 1)**

The defendants are charged in Count 1 of the indictment with conspiring to defraud U.S. Customs and Border Protection by filing false, fictitious, and fraudulent claims, a violation of § 286 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 17, 2014, and continuing to at least on or about September 27, 2019, there was an agreement between two or more persons to defraud U.S. Customs and Border Protection by obtaining, or aiding to obtain, the payment or allowance of a false, fictitious, or fraudulent claim; and

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to file false, fictitious, or fraudulent claims as alleged in the indictment as an object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor

1    merely by knowing that a conspiracy exists.

2

3         Court Notes: 9th Cir. Model Instruction No. 11.1 (modified).  The parties have submitted

4    competing instructions.  The Court has provided its own instruction.

5         The Court notes that it is rejecting Defendants' proposal with respect to the first sentence

6    in the fourth paragraph.  Defendants suggest that this sentence read as follows: "A conspiracy is a

7    kind of criminal partnership – an agreement of two or more persons to commit a crime, *with the*

8    *intent to commit the underlying offense*."  Prop. Jury Instructions at 67 (emphasis added).  The

9    Court does not include the italicized language because it is not in the Ninth Circuit Model

10   Instruction.  Defendants point out that, in *United States v. Loveland*, 825 F.3d 555 (9th Cir. 2016),

11   the Ninth Circuit stated: "Conspiracy is an agreement to commit a crime, *and the intent to commit*

12   *the underlying offense*."  *Id.* at 559 (emphasis added).  However, the elements of the crime of

13   conspiracy as described above already include the intent element.  The point of the fifth paragraph

14   is not to restate the elements of the crime.

15        The Court also rejects Defendants' proposal that the Court include the following as a third

16   element of the crime: "Third, one of the members of the conspiracy performed at least one overt

17   act, on or about July 17, 2014, or thereafter, for the purpose of carrying out the conspiracy."  Prop.

18   Jury Instructions at 67.  Defendants content that this third element should be included because the

19   government previously took the position that an overt act was required.  *See* Joint Prop.

20   Instructions at 69 (arguing that, "during the parties' litigation of Mr. Behm's motion to strike

21   surplusage from the indictment[,] . . . the government urged the court to limit its ruling and not

22   strike the language at issue with respect to its conspiracy charge because the challenged language

23   related to 'overt acts'").  The Court has reviewed the government's brief in opposition to the

24   motion to strike surplusage.  The government did not, as Mr. Behm argues, take that position.  The

25   government's citation to a case involving overt acts was not for the proposition that a charge of

26   conspiracy under § 286 requires the government to prove an overt act.  *See* Docket No. 199

27   (Opp'n at 4) (citing the case because of its discussion of the use of the phrase "among others").

28        Neither party substantively briefed whether an overt act is required for a violation of § 286.

In *United States v. Shabani*, 513 U.S. 10 (1994), held that there was no overt act requirement for a violation of a different statute, *i.e.*, 21 U.S.C. § 846.  Section 846 (as amended) provided as follows: "'Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.'"  *Id.* at 13.  The Supreme Court stated that the language of this statute did not expressly require that "an overt act be committed to further the conspiracy, and we have not inferred such a requirement from congressional silence in other conspiracy statutes."  *Id.*  The Court added that, under the common law, no act is required for liability "'other than the act of conspiring.'"  *Id.* at 13-14.  The Court went on to compare § 846 to 18 U.S.C. § 371: "[W]e find it instructive that the general conspiracy statute, 18 U.S.C. § 371, contains an explicit requirement that a conspirator 'do any act to effect the object of the conspiracy'"; if Congress "choos[es] a text modeled on § 371, it gets an overt-act requirement [but] by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1, it dispenses with such a requirement.'"  *Id.* at 14.  *Compare* 18 U.S.C. § 371 ("If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."), *with* 15 U.S.C. § 1 ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal.").

*Shabani* supports the government's position that there is no overt act requirement for § 286.  At least two circuit courts seem to have adopted this view.  *See United States v. Saybolt*, 577 F.3d 195, 202 (3d Cir. 2009) (stating that the text of § 286 does not "require any proof of overt acts."); *United States v. Dedman*, 527 F.3d 577, 593 (6th Cir. 2008) (not adopting an overt act requirement for § 286).  The Eleventh Circuit seems to have conflicting decisions.  *Compare United States v. Lanier*, 920 F.2d 887, 892 (11th Cir. 1991) ("[W]e hold that section 286 does not require the government to establish an overt act."), *with United States v. Gupta*, 463 F.3d 1182 (11th Cir. 2006) ("This court will sustain a conviction for conspiracy to submit false claims to the

United States District Court
Northern District of California

United States, if the government proved 'the existence of an agreement to achieve an unlawful objective, the defendant's knowing and voluntary participation in the conspiracy, and the commission of an overt act in furtherance of it.'").  The Ninth Circuit does not appear to have a published decision on § 286.  The Court agrees with what appears to be the majority view that there is no overt act requirement for § 286.

**New Court Notes:** Mr. Behm maintains his earlier position with respect to this instruction. He also makes a new argument – *i.e.*, that the second element of the crime should refer to the defendant knowing of the object of the conspiracy and not "one of its objects."  Mr. Behm acknowledges that the Ninth Circuit model instruction uses the phrase "knowing of at least one of its objects" but argues that "it is inappropriate here because there is only *one* object of a § 286 conspiracy – the filing [of] false, fictitious, and fraudulent claims under § 287."  Docket No. 311 (Comment at 2) (emphasis in original).  Mr. Behm makes a fair point and thus the Court modifies the instruction.  Should evidence at trial reveal that the conspiracy has more than one object, then the government may raise the issue before closing instructions are given to the jury.

**JURY INSTRUCTION NO. [6.18]**

**CONSPIRACY TO FILE FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 286**

**(COUNT 1) –**

**ON OR ABOUT – DEFINED**

The indictment charges that the offense alleged in Count 1 (18 U.S.C. § 286) was committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that this offense was committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Court Notes: 9th Cir. Model Instruction No. 6.18 (modified).  The parties have stipulated to a modified version of model instruction.

**JURY INSTRUCTION NO. [11.4]**

**CONSPIRACY TO FILE FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 286**

**(COUNT 1) –**

**KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

> First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;
>
> Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and
>
> Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.


Court Notes: 9th Cir. Model Instruction No. 11.4. The parties have stipulated to this instruction. The Court has modified the title of the instruction so that it is clearly linked to Count 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [11.6]**

**CONSPIRACY TO FILE FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 286**

**(COUNT 1) –**

**LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED**

**BY CO-CONSPIRATOR**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of a false claims charge as charged in Counts 2-5, 8-9, 11, and 13-16 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

>First, a person named in Counts 2-5, 8-9, 11, and 13-16 of the indictment
>committed the crime of false claims as alleged in that particular count;

>Second, the person was a member of the conspiracy charged in Count 1 of the
>indictment;

>Third, the person committed the crime of false claims in furtherance of the
>conspiracy;

>Fourth, the defendant was a member of the same conspiracy at the time the offense
>charged in Counts 2-5, 8-9, 11, and 13-16 was committed; and

>Fifth, the offense fell within the scope of the unlawful agreement and could
>reasonably have been foreseen to be a necessary or natural consequence of the
>unlawful agreement.

Court Notes: 9th Cir. Model Instruction No. 11.6 (modified).  The parties have stipulated to a modified version of the model instruction.

**New Court Notes:** Although the parties stipulated to this instruction, Mr. Behm points out that the government has dismissed certain counts.  Mr. Behm refers to Counts 10 and 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

specifically.   Though he does not mention Counts 6 and 7, those also have been dismissed.  *See*

Docket No. 254 (order).  Therefore, the Court modifies the instruction to refer to Counts 2-5, 8-9,

11, and 13-16 (instead of Counts 2-16).  The Court also adds the word "particular" above as it was

accidentally omitted from the prior version of the instruction (to which the parties had stipulated).

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [\_\_\_\_]**

**FALSE CLAIMS IN VIOLATION OF 18 U.S.C. § 287 (COUNTS 2-5, 8-9, 11, AND 13-16)**

The defendants are charged in Counts 2-5, 8-9, 11, and 13-16 of the indictment with false claims in violation of § 287 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant made or presented a false, fictitious, or fraudulent claim to U.S. Customs and Border Protection;
>
> Second, the defendant knew such claim was false, fictitious, or fraudulent at the time it was made or presented; and
>
> Third, the defendant did so with the specific intent to violate the law or with a consciousness that what he was doing was wrong.

It is not necessary for the government to pay or honor the claim or that the government lost money as a result of the false claim.

Court Notes: The parties have stipulated to this instruction.

**New Court Notes:** The Court modifies the instruction to refer to the correct counts – *i.e.*, Counts 2-5, 8-9, 11, and 13-16 (and not Counts 2-16).

**JURY INSTRUCTION NO. [15.35]**

**WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343 (COUNTS 17, 21-28)**

The defendants are charged in Count 17 and Counts 21 through 28 of the indictment with wire fraud against U.S. Customs and Border Protection in violation of § 1343 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly devised or participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;
>
> Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, U.S. Customs and Border Protection to part with money or property;
>
> Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and
>
> Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant

that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Court Notes: 9th Cir. Model Instruction No. 15.35 (modified).  The parties have stipulated to a modified version of the model instruction.  The Court has made a minor correction to the first sentence, correcting which counts are at issue.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [4.13]**

**WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343 (COUNTS 17, 21-28) –**

**INTENT TO DEFRAUD**

~~An intent to defraud is an intent to deceive and cheat.~~

Court Notes: 9th Cir. Model Instruction No. 4.13.  The parties have stipulated to a modified version of the model instruction.  The Court has taken the parties' proposed modification (which relates to good faith) and incorporated it into the next instruction.  The Court does not deem it necessary to give this instruction otherwise since "intent to defraud" is already identified in the substantive instruction on the crime of wire fraud.

**JURY INSTRUCTION NO. [____]**

**WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343 (COUNTS 17, 21-28) –**

**GOOD FAITH**

For Count 17 and Counts 21 through 28, you may determine whether a defendant had an honest, good faith belief in the truth of any statement or representation alleged to be false or fraudulent in determining whether or not the defendant acted with intent to defraud for purposes of the wire fraud.

The good faith of a defendant is a complete defense to the charges of wire fraud because good faith on the part of the defendant is inconsistent with the intent to defraud, an essential part of that crime. A person who acts with an honest intention does not possess a fraudulent intent. A person who expresses a belief or an opinion honestly held does not have fraudulent intent even if his opinion is erroneous and his belief is a mistaken belief. Finding that a defendant merely made a mistake of judgment or an error in management or was careless does not establish fraudulent intent.

However, a defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

The burden of proving the intent to defraud necessary for wire fraud rests on the prosecution. The defendant is under no burden to prove good faith.


Court Notes: Defendants have proposed parts of the above instruction (specifically, the second and fourth paragraphs). The government states that, at this time, it takes no position as to whether those parts of the instruction should be given. Based on the lack of an opposition by the government, the Court shall include Defendants' proposal.

The first and third paragraphs of the instruction above were stipulated to by the parties as part of their proposed instruction on "Intent to Defraud." The Court finds that it makes more sense to put the discussion of good faith in one separate instruction.

**JURY INSTRUCTION NO. [15.33]**

**WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343 (COUNTS 17, 21-28) –**

**SCHEME TO DEFRAUD – VICARIOUS LIABILITY**

As to Count 17 and Counts 17 through 28 (wire fraud), if you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For a defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud based on the facts that were known to him.

Court Notes: 9th Cir. Model Instruction No. 15.33 (modified). The parties have stipulated to a modified version of the model instruction.

1

2

**JURY INSTRUCTION NO. [18.7]**

3

**MONEY LAUNDERING IN VIOLATION OF 18 U.S.C. § 1957 (COUNTS 32, 35-36,**

4

**38)**

5    Defendant Joshua Clark is charged in Count 32, Counts 35 through 36, and Count 38 of the

6    indictment with money laundering in violation of § 1957 of Title 18 of the United States Code.

7    For the defendant to be found guilty of that charge, the government must prove each of the

8    following elements beyond a reasonable doubt:

9        First, the defendant knowingly engaged or attempted to engage in a monetary

10           transaction;

11       Second, the defendant knew the transaction involved criminally derived property;

12       Third, the property had a value greater than $10,000;

13       Fourth, the property was, in fact, derived from wire fraud in violation of § 1343 of

14           Title 18 of the United States Code; and

15       Fifth, the transaction occurred in the United States.

16    The term "monetary transaction" means the deposit, withdrawal, transfer or exchange, in

17    or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial

18    institution.

19    The term "financial institution" means an insured bank as defined in the Federal Deposit

20    Insurance Act as alleged in the indictment.

21

22    Court Notes: 9th Cir. Model Instruction No. 18.7 (modified).  The parties have stipulated

23    to a modified version of the model instruction.  The Court has made a correction regarding which

24    counts are at issue.

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [4.8]**

**MONEY LAUNDERING IN VIOLATION OF 18 U.S.C. § 1957 (COUNTS 32, 35-36, 38) –**

**KNOWINGLY – DEFINED**

As I stated, the first element of a money laundering violation is that the defendant knowingly engaged or attempted to engage in a monetary transaction.  For purposes of this first element only, an act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

This instruction applies only to the act of engaging in monetary transactions, and not to whether a defendant knew the money involved in the transaction was the proceeds of criminal activity.


Court Notes: 9th Cir. Model Instruction No. 4.8 (modified).  The Court proposes given the "knowingly" instruction only in conjunction with the substantive instruction on the money laundering crime.  *See* 9th Cir. Model Instruction No. 4.8, comment (stating that the second sentence "should not be given when an element of the offense requires the government to prove that the defendant knew that what the defendant did was unlawful"; adding that, "[i]n the context of a money laundering offense, the second sentence of this instruction may be given if altered to clarify that it applies only to the act of engaging in monetary transactions, and not to whether a defendant knew the money involved in the transaction was the proceeds of criminal activity").

United States District Court
Northern District of California

65

**JURY INSTRUCTION NO. [18.5]**

**TRANSPORTING FUNDS TO PROMOTE UNLAWFUL ACTIVITY IN**

**VIOLATION OF 18 U.S.C. § 1956(a)(2)(A) (COUNT 41)**

Defendant Joshua Clark is charged in Count 41 the indictment with transporting funds to promote unlawful activity in violation of § 1956(a)(2)(A) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported money from a place in the United States to or through a place outside the United States; and

Second, the defendant acted with the intent to promote the carrying on of wire fraud.

Court Notes: 9th Cir. Model Instruction No. 18.5.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [6.19]**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Court Notes: 9th Cir. Model Instruction No. 6.19. The parties have stipulated to this instruction.

United States District Court
Northern District of California

67

**JURY INSTRUCTION NO. [6.20]**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify

68

United States District Court
Northern District of California

1   the court immediately.

2

3          Court Notes: 9th Cir. Model Instruction No. 6.20.  The parties have stipulated to this

4   instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [6.21]**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


Court Notes: 9th Cir. Model Instruction No. 6.21.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [6.22]**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.


Court Notes: 9th Cir. Model Instruction No. 6.22.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [6.23]**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.


Court Notes: 9th Cir. Model Instruction No. 6.23.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [6.24]**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Court Notes: 9th Cir. Model Instruction No. 6.24. The parties have stipulated to this instruction.