UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DALE BEHM, et al.<br><br>    Defendants. | Case No. 20-cr-00321-EMC-1<br><br>**SECOND FINAL PRETRIAL CONFERENCE ORDER**<br><br>Docket Nos. 308, 313-14, 316 |

The Court held a continued final pretrial conference on September 20, 2023. This order memorializes the Court's rulings.

A.  <u>Government Witnesses – Custodians of Record</u>

The government and Mr. Clark have reached a stipulation regarding custodians of records. The government and Mr. Behm are continuing to meet and confer but expect to reach a stipulation after the government provides additional certifications from custodians of record. The parties shall provide an update by Tuesday**, September 26, 2023**.

B.  <u>Government Exhibits – Charts and Summaries</u>

The parties have not yet reached a stipulation on charts and summaries but indicated that they were continuing to meet and confer and expected to reach agreement. The government has provided the underlying data and will show method of calculations.

C.  <u>Government Witnesses – Defense Subpoenas</u>

The parties agreed to a procedure to address the issue of putting government witnesses under defense subpoenas. If the government intends to remove a witness from its witness list, it shall immediately inform Defendants of such and, if Defendants opt to call such witness(es), that witness(es) will be informed that they still remain under subpoena so that the witness(es) may be

called in the defense case-in-chief. It appears that there are only a handful of government witnesses who may be subject to this procedure: Raymond Fung; Margaret Palacios; David Burbidge; Michael Garofola; Benjamin Kurko; Allisyn McDonald; and Mary Ann Morris.

For a witness who is not a government witness, Defendants must issue their own subpoena.

D.     <u>Government Exhibits – Exhibits Related to November 2013 Drawback Claim</u>

The exhibits related to the November 2013 drawback claim are Exhibits 622, 631, 632, and 653. The Court excludes Exhibits 622, 631, and 653 based on Rule 403. The November 2013 drawback claim is not part of the alleged conspiracy and involves a different broker and different export. The Court reserves ruling on Exhibit 632. The government has argued that the exhibit is relevant because it reflects the pattern of communication that was used for the alleged conspiracy. The Court will need to see how trial evidence develops to make the relevance and Rule 403 evaluations.

E.     <u>Government Exhibits – Emails/Attachments</u>

The parties indicated that the issue regarding emails and attachment has been resolved.

A new issue has developed with respect to 10 documents (Exhibits 673-82) that consist of invoices and bills of lading. The parties agreed that a stipulation that the documents were found at PRT (*i.e.*, at its site) will obviate the need for expert testimony on these documents. The parties also agreed that the government would not single out those documents.

F.     <u>Government Exhibits – Later-Produced Documents</u>

The government produced certain exhibits (29 total, excluding Exhibits 673-82 above) on September 12, 2023. This was not timely under the Court's prior order setting a timeline for disclosures. According to the government, it produced about 9 of the documents only because of the emails/attachments issue, and the remaining 20 documents are not new in that they simply repeat the pattern of other documents already produced.

The Court has already excluded Exhibit 622.

For Exhibit 618, the parties shall meet and confer and reach agreement on removing the potentially offensive language and replacing it with new language (in brackets).

For the other documents, the Court gave Defendants the opportunity to review the

documents to see if there is any that they would not be able to address before trial starts (28 days after the disclosure). It appears that the parties have now meet and conferred after Defendants' review, and there are no issues to report. To the extent there may be any issues in need of resolution, the parties shall report back by **September 22, 2023**.

G. Government Exhibits – Coconspirator Statements

The parties agreed that the Court did not have to rule dispositively, at this juncture, as to whether the government has established, by a preponderance of the evidence, that the Rule 801(d)(2)(E) requirements have been met. This is because, as the parties conceded, the Court "may admit the challenged statements conditionally, subject to a later motion to strike if the prosecution fails to establish the required foundation." *United States v. Watkins*, 600 F.2d 201, 204-05 (9th Cir. 1979); *see also United States v. Town of Colo. City*, 935 F.3d 804, 812-13 (9th Cir. 2019); *United States v. Ciresi*, 697 F.3d 19, 25 (1st Cir. 2012); *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1224 (5th Cir. 1994); *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992). The Court found that the government's proffer as described by the Court at the hearing – for both Mr. Clark and Mr. Behm – was sufficient to support a prima facie case such that it was appropriate to conditionally admit the coconspirator statements, subject to a later challenge by Defendants (*e.g.*, after the government has completed its case-in-chief).

H. Stanka Pretrial Records

The Court has reviewed the Stanka pretrial records and finds that they contain at least some information that should be disclosed to Defendants – *i.e.*, because they are relevant to Mr. Stanka's credibility. However, because the records contain personal and potentially sensitive information, the Court shall first give the records to Mr. Stanka to review so that he may determine whether he has an objection to disclosure. The Court emphasizes that disclosure would be subject to a protective order and that disclosure would not necessarily mean admissibility.

The Court shall provide the pretrial records to Mr. Stanka on September 20, 2023. By noon, **September 22, 2023**, Mr. Stanka shall file any comment on disclosure/redactions. The Court intends to make a ruling soon thereafter and provide disclosures to Mr. Behm, Mr. Clark, and the government.

I. <u>Mr. Stanka – Assertion of the Fifth Amendment</u>

By Friday, **September 22, 2023**, all parties plus Mr. Stanka shall file briefs related to the assertion of the Fifth Amendment by Mr. Stanka (*e.g.*, must there be a question-by-question assessment; if so, how would that be conducted; how the jury should be instructed; etc.).

By Wednesday, **September 27, 2023**, Mr. Behm and Mr. Clark shall each identify how they intend to use Mr. Stanka's pretrial records, particularly in light of the Fifth Amendment assertion. By Friday, **September 29, 2023**, the government shall file a responsive brief.

**IT IS SO ORDERED**.

Dated: September 21, 2023

_____
EDWARD M. CHEN
United States District Judge