UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DALE BEHM, *et al.*,<br><br>　　　　　　Defendants. | Case No. 20-cr-00321-EMC-1<br><br>**ORDER RE STANKA'S ASSERTION OF THE FIFTH AMENDMENT** |

　　　　The Court held a status conference on October 3, 2023, during which it largely focused on Mr. Stanka's assertion of the Fifth Amendment. This order memorializes the Court's rulings and provides additional analysis where necessary.

　　　　The Court finds that there is a basis for Mr. Stanka to assert the Fifth Amendment given that he has not yet been sentenced. *See generally Mitchell v. United States*, 526 U.S. 314 (1999). To the extent Defendants have suggested that Mr. Stanka waived his Fifth Amendment rights based on ¶ 3 and/or ¶ 2 of his plea agreement, the Court does not agree. *See id.* at 323-24 (noting that "Rule 11 directs the district court, before accepting a guilty plea, to ascertain the defendant understands he or she is giving up 'the right to be tried by a jury and at that trial . . . the right against compelled self-incrimination,'" and "[t]he purpose of Rule 11 is to inform the defendant of what she loses by foregoing the trial, not to elicit a waiver of the privilege for proceedings still to follow"); *id.* at 322-23 (noting that "[t]he purpose of a plea colloquy is to protect the defendant from an unintelligent or involuntary plea"; the district court has the authority to inquire "to assure itself that the defendant is not being pressured to offer a plea for which there is no factual basis").

　　　　Given that there is a basis for Mr. Stanka to assert his Fifth Amendment rights, the Court

has considered how best to proceed with this case. Mr. Behm has suggested that the Court continue the trial so that Mr. Stanka may be sentenced first (which would render the Fifth Amendment assertion moot). The Court rejects this option because, as Mr. Stanka pointed out at the conference, he should be given the opportunity to show he has cooperated with the government before his sentenced is rendered. Defendants will not be unfairly prejudiced as a result because it is not uncommon for a co-defendant not to provide testimony because of their Fifth Amendment rights, even if that testimony might be helpful to the defendant. Although the government could give Mr. Stanka immunity and thereby ameliorate the Fifth Amendment barrier to his testimony, it cannot be forced to confer immunity – including by this Court – absent narrow circumstances which are not present here. *See generally United States v. Straub*, 538 F.3d 1147 (9th Cir. 2008).

At the conference, Mr. Behm indicated that he would not need to call Mr. Stanka[1] if the Court were to permit him to introduce certain "exculpatory" evidence at trial. Mr. Behm identified the following categories of evidence: emails from Mr. Stanka; portions of Mr. Stanka's plea agreement; and portions of Mr. Stanka's November 2017 proffer statement to the government. The Court is inclined to allow the evidence. For example, Mr. Stanka's emails may be part of an email chain and therefore needed for the rule of completeness. *See* Fed. R. Evid. 106. The emails would likely pose no hearsay problem in light of Federal Rule of Evidence 804 (statement against interest) and in any event may be admitted under Rule 807 (residual hearsay exception). Moreover, the government admitted as much that it was not taking the position that the Stanka emails were unreliable. Similarly, portions of the plea agreement and portions of the November 2017 proffer statement are likely likewise admissible, and the government has not argued unreliability.

To be sure, the government may not be able to rely on other portions of the plea agreement and/or proffer statement to counter or rebut the portions on which Mr. Behm is relying (*i.e.*, because of the Confrontation Clause if Mr. Stanka's statements are testimonial and not subject to cross examination and the statements are not otherwise admissible as, *e.g.*, co-conspirator

---

[1] Although both Defendants listed Mr. Stanka as a witness on their witness lists, it appears that only Mr. Behm has subpoenaed Mr. Stanka.

statements in furtherance of the conspiracy).  However, as Mr. Behm pointed out at the conference, the government has a solution to this problem: it may call Mr. Stanka as a rebuttal witness.  It is possible, of course, that Mr. Stanka will assert his Fifth Amendment rights if called by the government, but at this juncture it is not clear that he would given his cooperation agreement.[2]  Furthermore, the government would still have the discretion to offer immunity.  Thus admitting these statements sought by Defendants is not unfair to the government.

By noon on October 5, 2023, Defendants shall file a list of the statements of Mr. Stanka that they intend to use (*e.g.*, whether emails, portions of the plea agreement, or portions of the November 2017 proffer statement).  Defendants shall include as a part of that list the bases for admission of each piece of evidence.

At the hearing, the Court also discussed with the parties an independent issue – *i.e.*, Mr. Behm's motion to exclude the government's Exhibit No. 954.  This exhibit is a chart/summary that the government intends to submit pursuant to Federal Rule of Evidence 1006.  The exhibit is not yet in final form because, as the government explained, what will be in the chart/summary will turn on what underlying evidence is actually admitted at trial.  The Court defers ruling on the motion because it will need to see what evidence is admitted.

**IT IS SO ORDERED**.

Dated: October 3, 2023

EDWARD M. CHEN
United States District Judge

---

[2] At the conference, Mr. Behm pointed out that Mr. Stanka was only asserting the Fifth Amendment in response to Defendants' identification of him as a defense witness.  Mr. Stanka could have a different response if the government were to call him as a witness in light of the fact that his plea agreement contains a cooperation provision.