UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

DALE BEHM, *et al.*,

Defendants.

Case No. 20-cr-00321-EMC-1

**ORDER DENYING DEFENDANT'S MOTION TO SEVER**

Docket No. 366

Defendant Joshua Clark has moved for a severance of his trial from that of his co-defendant Dale Behm. Mr. Clark argues that "a joint trial would severely impact [his] Sixth Amendment right to confront witnesses against him [because] his cross-examination material has now been revealed to the witness [*i.e.*, Mr. Stanka] weeks before the anticipated testimony." Mot. at 3. Having considered the parties' briefs, as well as the oral argument made before the filing of the briefs, the Court hereby **DENIES** the motion to sever.

First, *Bruton v. United States*, 391 U.S. 123 (1968), the main authority cited by Mr. Clark is distinguishable. There, the co-defendant did not testify at all and thus could not be cross-examined. *See id.* at 136. Here, Mr. Stanka is available to testify and can be cross-examined. Notably, Mr. Stanka, while not on the government's witness list, was on both Mr. Clark's and Mr. Behm's witness lists submitted weeks before trial. Although Mr. Stanka indicated he would invoke the Fifth Amendment last week, he subsequently indicated he would not invoke the Fifth Amendment and thus will be available to testify if called by Defendants.

Second, as the government points out, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever

United States District Court
Northern District of California

way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original).

Third, Mr. Clark has failed to show that the integrity of his cross-examination of Mr. Stanka has been impaired in any way. The documents at issue (emails) were identified by Mr. Clark as "exculpatory evidence," not impeachment evidence. Docket No. 359 (Clark Br. at 1). That Mr. Clark did not intend to use the evidence to impeach is further established by (1) the content of the emails and (2) Mr. Clark's citations to, *e.g.*, rules on exceptions to hearsay and the rule of completeness as a basis to admit the documents into evidence.[1]

Fourth, if Mr. Clark was in fact truly concerned about revealing impeachment evidence in advance of trial, then he could have taken steps not to make the disclosure ordered by the Court. The government notified the Court and Defendants about the availability of Mr. Stanka on October 4, 2023. *See* Docket No. 356 (notice). In spite of this notice, Mr. Clark did not ask the Court for relief from its order requiring disclosure of Stanka statements, nor did he ask for an extension of time to comply. Instead, he filed the Stanka statements on October 5, 2023. *See* Docket No. 359 (notice).

Fifth, none of the Stanka statements disclosed by Mr. Clark gave the government or Mr. Stanka an unfair advantage. The evidence at issue consists of Mr. Stanka's own emails that the government produced during discovery. That Defendants would choose to highlight statements that would tend to show their lack of knowledge or participation is hardly surprising. This is not a case where the defendant seeks to confront the witness with previously undisclosed surprise evidence.

Finally, as the government argues, it is not clear how severance would remedy any prejudice claimed by Mr. Stanka. Even if his trial were to be severed, the government could still

---

[1] It is not unusual for certain elements of a defendant's defense to be disclosed prior to trial. *See United States v. Clyde*, No. 91-00602-04, 1993 U.S. Dist. LEXIS 13572, at *10-11 (E.D. Pa. Aug. 12, 1993) (noting that "defendants in criminal cases may be constitutionally required to disclose elements of their defense in advance of trial"; "examples of such requirements are Federal Rule of Criminal procedure 12.1 (alibi defense), Federal Rule of Criminal Procedure 12.2 (insanity defense), Federal Rule of Criminal Procedure 12.3 (public authority defense), Federal Rule of Criminal Procedure 16 (medical and scientific tests, and tangible objects, and certain documents)").

United States District Court
Northern District of California

call Mr. Stanka as a witness, and the emails at issue would have already been disclosed. The remedy of severance is a non-sequitur.

Accordingly, Mr. Clark's motion to sever is denied.

This order disposes of Docket No. 366.

**IT IS SO ORDERED**.

Dated: October 9, 2023

EDWARD M. CHEN
United States District Judge